IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No: 4:20-cv-00141

| | |
|---|---|
| ROGER DENT and DAVID HAMILTON,<br><br>      **Plaintiffs,**<br><br>v.<br><br>JENNY GREGORY,<br><br>      **Defendant.** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, Roger Dent ("Dent") and David Hamilton ("Hamilton") (together "Plaintiffs"), by and through counsel, bring this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.*, against Defendant Jenny Gregory ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) and they seek to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiffs' FLSA claims result from Defendant's policy and practice of failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Defendant failed to pay all wages earned by Dent and Hamilton pursuant to the NCWHA. Specifically, Defendant violated N.C. Gen. Stat. §§ 95-25.1 *et. seq.* by failing to pay

Dent and Hamilton all earned wages due on their regular paydays and due on the next regular payday following the termination of Plaintiff's employment.

## THE PARTIES

4. Dent is an adult individual who is a resident of Linden, North Carolina.

5. Hamilton is an adult individual who is a resident of Lillington, North Carolina

6. Defendant is the minority shareholder of Mark Gregory Roofing Company, Inc. ("MGRC") and holds the positions of Secretary and Treasurer. In this capacity, Mrs. Gregory is also involved in the day-to-day business operations of MGRC. Mrs. Gregory had primary responsibility for handling MGRC's payroll and decisions whether to pay Plaintiff's overtime and wages for hours worked. Mrs. Gregory has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues. At all relevant times, Mrs. Gregory acted and had responsibility to act on behalf of, and in the interests of MGRC in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Mrs. Gregory was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

8. The claims for violations of the NCWHA are based on the statutory and common law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the

FLSA claims – both claims arise out of Defendant's unlawful policies and practices related to Plaintiffs' compensation.

9. This Court has personal jurisdiction because Defendant conducts business in Johnston County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendant have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Johnston County, North Carolina.

## COVERAGE ALLEGATIONS

11. As described in Paragraph 6 above, Defendant is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Dent was an employee of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. Hamilton was an employee of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all times hereinafter mentioned, Plaintiff were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

15. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

16. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. Mark Gregory Roofing Company, Inc. is a roofing company that provides roof maintenance, repair and installation for residential and commercial entities.

3

18. Defendant is MGRC's secretary, treasurer, and the primary payroll representative for MGRC. In this capacity, Defendant is responsible for managing MGRC's payroll process and has authority to issue payment to Plaintiffs on behalf of MGRC and decides when and how much to pay Plaintiffs. Defendant also had authority to, and actually did, unlawfully withhold overtime pay for overtime hours and regular hours that Plaintiffs worked and had earned.

19. Plaintiffs' primary job duties involved physical labor, including performing maintenance, repairs and installation of roof on commercial and residential buildings.

20. At all relevant times, Plaintiffs were nonexempt employees within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

21. Defendant employed Plaintiffs during the FLSA's three-year statutory period preceding the filing of this complaint.

22. Defendant employed Dent in or about October 2013 until March 14, 2019.

23. Defendant employed Hamilton from approximately in or about Spring of 1999 until or about October 18, 2017.

24. At all times relevant to this lawsuit, Defendant paid Plaintiffs an hourly rate of pay. During Plaintiffs' tenure with Defendant, they received periodic pay raises.

25. Dent regularly worked approximately Forty-Nine and three quarters (49.75) and Fifty-One (51) hours each week between April, 8 2016 through March 14, 2019.

26. Hamilton regularly worked approximately Forty-Nine and three quarters hours (49.75) and Fifty-One (51) hours each week between April, 8 2016 through October 18, 2017.

27. Defendant did not pay Plaintiffs an overtime premium for all hours worked in excess of 40 each workweek during the periods described above.

4

28. Instead of paying overtime compensation in the weeks it was worked at a rate of one and one-half times Plaintiffs' regular rate of pay, Defendant maintained a policy and practice of "banking" overtime hours worked by Plaintiffs each week. Defendant described the "banked" hours as intended to pay Plaintiffs for days and/or hours that Plaintiffs were unable to work because of inclement weather and for holidays. Defendant told Plaintiffs that MGRC would pay their "banked" at Plaintiffs' straight-time hourly rate of pay. However, Defendant payroll records do not show any payment to Plaintiffs for the "banked" hours that were withheld from Plaintiffs' paychecks. Instead, it appears Defendant was siphoning off a portion of Plaintiffs' wages (including overtime) from their paychecks on a regular basis prior to January 1, 2019.

29. Defendant had a system of tracking Plaintiffs' "banked" hours that were recorded on paper time sheets that Plaintiffs turned into Defendant before the end of the corresponding pay period. Defendant was supposed to record those hours in MGRC's electronic payroll system. However, Defendant did not consistently or accurately record Plaintiffs' recorded hours or any allegedly "banked" hours. Sometime in January 2020, Defendant burned a large portion of Plaintiffs' paper time sheets in an effort to conceal MGRC's unlawful pay practices. As a result, Defendant improperly tracked Plaintiffs' overtime in violation of the FLSA.

30. Defendant also had a practice of deducting from Plaintiffs' pay for lunch breaks on days where Plaintiffs indicated on their paper time sheets that they did not take a lunch break (i.e., greater than 20 minute uninterrupted work break during which no work was performed). Without any specific reason or personal knowledge regarding whether Plaintiffs took a 30-minute lunch break, Defendant regularly deducted a half hour from Plaintiffs' recorded time on days where Plaintiffs indicated they did not take a lunch break on their paper time sheets. According to Defendant, her decision to deduct for meal periods that Plaintiffs worked through "depended on

how I felt that day." This practice resulted in MGRC unlawfully withholding pay for hours Plaintiffs worked, both for hours up to 40 in a workweek and overtime hours over 40 in a workweek on numerous occasions.

31. MGRC did not provide Plaintiffs with a paystub or any other documentation that accurately indicated the number of overtime hours Plaintiffs worked each week, or the number of overtime hours Defendant's "banked" on their behalf.

32. Defendant knew Plaintiffs worked unpaid overtime hours during the FLSA's statutory time period because Defendant was provided with Plaintiffs' timesheets showing all of the overtime hours Plaintiffs worked – which Defendant destroyed.

33. Defendant also had knowledge that Plaintiff worked unpaid overtime hours during the FLSA's statutory time period because she allegedly utilized the recorded "banked" hours to pay Plaintiffs when inclement weather prevented Plaintiffs from working in subsequent pay periods, although there is no indication that Defendant, in fact, regularly made such payments.

34. Defendant did not accurately track and record the hours worked by Plaintiffs as required by the FLSA. Plaintiffs submitted paper timesheets indicated the time that they worked, including when they worked through lunch breaks. Defendant destroyed these timesheets.

35. Defendant did not timely pay Plaintiffs for the overtime hours they worked during the three-year period prior to the filing of this lawsuit.

36. Defendant willfully failed to pay Plaintiff the overtime premium required by the FLSA during the three-year period prior to the filing of this lawsuit.

**(Count I-Violation of FLSA – Overtime)**

37. Plaintiffs incorporate by reference paragraphs 1-36 of their Complaint.

38. Defendant violated the FLSA by failing to timely pay all overtime wages earned by Plaintiffs.

39. Defendant violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

40. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

41. Defendant's violation of the FLSA was willful.

### (Count II-Violation of NCWHA)

42. Plaintiffs incorporate by reference paragraphs 1-41 of their Complaint.

43. Plaintiffs' NCWHA claims arise from Defendant's policy and practice of failing to pay earned wages in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

44. Defendant failed to pay, and failed to timely pay, all wages Plaintiffs earned on their regularly scheduled paydays, including the next regular payday following the termination of Plaintiff's employment.

45. Defendant's conduct was willful.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b) An Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendant liable for unpaid wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the timekeeping and overtime requirements of the FLSA;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Jason S. Chestnut
Jason Chestnut NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

8

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: phil@gibbonsleis.com
craig@gibbonsleis.com
jason@gibbonsleis.com